IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THERMAL PROPERTIES, LTD., A CALIFORNIA LIMITED PARTNERSHIP, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 04-1313C (Judge Baskir) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. Admits.

2. The allegations contained in paragraph 2 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 are conclusions of law and plaintiff's characterization of the relief sought in this action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The allegations contained in the first sentence of paragraph 5 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except to admit that plaintiff entered into a contract with FmHA after December 21, 1979 and before December 15, 1989. Admits the allegations contained in the second and third sentences of paragraph 5 to the extent supported by the contracts cited, which are the best

evidence of their contents; otherwise denies the allegations contained in the second and third sentences of paragraph 5.

6. The allegations contained in paragraph 6 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Admits the allegation contained in the first sentence of paragraph 8. The allegations contained in the second and third sentences of paragraph 8 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the fourth sentence of paragraph 8. Admits the allegation contained in the fourth sentence of paragraph 8. The fifth, parenthetical sentence of paragraph 8 contains no allegations but only a Federal Register citation, to which no response is required. Admits the allegation contained in the sixth sentence of paragraph 8. The seventh sentence of paragraph 8 contains plaintiff's characterization of terminology utilized in the complaint, and not allegations of fact to which a response would be required.

9. The allegation contained in paragraph 9 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

10. The allegation contained in paragraph 10 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

11. Denies the allegations contained in paragraph 11, except to admit that during the 1960s legislation was enacted that authorized the Farmers Home Administration, U.S. Department of Agriculture ("FmHA") to provide mortgage insurance, below-market rate loans,

and interest rate subsidies for developers of multifamily rental housing projects for low and moderate-income rural residents.

12. The allegations contained in paragraph 12 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except to admit that during the 1960s Congress enacted the legislation cited in this paragraph, and the Court is respectfully referred to the cited statutes for a complete statement of their contents. The fourth sentence of paragraph 12 contains plaintiff's characterization of terminology utilized in the complaint, and not allegations of fact to which a response would be required.

13. The allegations contained in paragraph 13 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

14. Denies the allegations contained in the first sentence of paragraph 14, except to admit that plaintiff executed a Loan Agreement, Promissory Note and Real Estate Mortgage pertaining to the referenced project. The allegations contained in the second sentence of paragraph 14 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 14 to the extent supported by the document cited, which is the evidence of its contents; otherwise, denies the allegations contained in the third sentence of paragraph 14.

15. The allegations contained in paragraph 15 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except to admit that Congress enacted the legislation cited, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

21. The allegations contained in paragraph 21 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

22. The allegations contained in paragraph 22 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

23. The allegations contained in paragraph 23 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

24. The allegations contained in paragraph 24 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

25. The allegations contained in paragraph 25 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

26. The allegations contained in paragraph 26 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except to admit that Congress enacted the legislation cited, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

27. The allegations contained in paragraph 27 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

28. The allegations contained in paragraph 28 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

29. The allegations contained in paragraph 29 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied,

and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

30. The allegations contained in paragraph 30 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

31. Denies.

32. The allegations contained in paragraph 32 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

33. The allegations contained in paragraph 33 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

34. The allegations contained in the first sentence of paragraph 34 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 34 for lack of knowledge or information to form a belief as to their truth. The allegations contained in the third sentence of paragraph 34 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied for lack of knowledge or information to form a belief as to their truth.

36. The allegations contained in paragraph 36 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

38. Denies the allegations of wrongful repudiation contained in paragraph 38 Denies the remainder of the allegations contained in paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.

39. Denies the allegations of repudiation contained in paragraph 39. Denies the remainder of the allegations contained in paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth.

40. Denies the allegations contained in paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41. Denies.

42. Denies the allegations contained in paragraph 42, except to admit that plaintiff met with or made inquiries of agency officials regarding prepayment of plaintiff's loan, and that the agency discussed the applicable prepayment regulations with plaintiff.

43. The allegations contained in paragraph 43 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

44. The allegations contained in paragraph 44 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

45. Denies the allegations contained in the first sentence of paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 45.

46. Denies the allegations contained in the first sentence of paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 46.

47. Denies.

48. Defendant incorporates its responses to paragraphs 1 through 47 in response to paragraph 48.

49. Denies.

50. Denies the allegations contained in the first sentence of paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 50.

51. Defendant incorporates its responses to paragraphs 1 through 50 in response to paragraph 51.

52. Denies.

53. Denies.

54. Denies that plaintiffs are entitled to any of the relief requested in the prayer for relief.

55. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the complaint be dismissed and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

January 3, 2005